BETSY JOHNSON, CA Bar No. 119847
betsy.johnson@ogletree.com
MINH P. NGO, CA Bar No. 302230
minh.ngo@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT PEI,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., AND DOES 1-50,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(a)(1), 1441, AND 1446 (DIVERSITY)**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties; Corporate Disclosure Statement; Notice of Related Cases; Request for Judicial Notice; Declarations of Laura Williams and Minh P. Ngo in Support of Removal]*<br><br>Complaint Filed: December 28, 2021<br>Trial Date: None<br>District Judge: Hon._____<br>Courtroom ___, ____ |

50865921_1.docx

**TO THE CLERK OF THE COURT AND TO PLAINTIFF DELBERT PEI AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that through this notice ("Notice"), defendant Old Dominion Freight Line, Inc. ("Defendant"), effects the removal of this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California (Eastern Division). Defendant bases this removal on 28 U.S.C. sections 1332(a) (diversity jurisdiction), 1441(b), and 1446, as follows:

## I.

## STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action under the diversity of citizenship statute: 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.

## PLEADINGS, PROCESS AND ORDERS

On or about December 28, 2021, plaintiff Delbert Pei ("Plaintiff") filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of San Bernardino, Civil Division of the San Bernardino District, entitled *Delbert Pei v. Old Dominion Freight Line, Inc. and DOES 1-50,* Case No. CIVSB2131216 ("State Court Action"). (Declaration of Minh P. Ngo ("Ngo Decl."), ¶ 2.) On or about February 24, 2022, Plaintiff filed a Summons. (*Id.*) A true and correct copy of the Summons and Complaint, filed by Plaintiff is attached to this Notice as **Exhibit A**. (Ngo Decl., ¶ 3, Ex. A.)

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

The Complaint asserts seven causes of action for (1) Discrimination based on Disability in Violation of FEHA [Gov't Code § 12940 *et seq.*]; (2) Failure to Engage in Interactive Process in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination, Harassment and Retaliation in Violation of FEHA [Gov't Code § 1294(k)]; (6) Retaliation [California Family Rights Act]; and Wrongful Termination in Violation of Public Policy.

In compliance with 28 U.S.C. section 1446(a), attached as **Exhibits A-B** are all process, pleadings, and orders the parties have served on one another prior to removal:

- **Exhibit A** – Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, Notice of Trial Setting Conference and Notice of Case Assignment; and

- **Exhibit B** – Defendant's Answer to Plaintiff's Unverified Complaint. (Ngo Decl., ¶¶ 3, 4, Exs. A-B.)

As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant is not a citizen of California. Further, the matter in controversy exceeds $75,000, exclusive of interest and costs.

## III.

## TIMELINESS OF REMOVAL

On March 4, 2022, Defendant, through its agent for service of process, was served with the Summons and Complaint. (Ngo Decl. ¶ 3; Declaration of Laura Williams ("Williams Decl."), ¶ 3.) On April 1, 2022, Defendant filed its Answer to the Complaint in the Superior Court of the State of California, in the County of San Bernardino. (Ngo Decl., ¶ 4.)

Defendant's Notice of Removal was timely filed within 30 days after the initial date of service of Plaintiff's Summons and Complaint on March 4, 2022. *See*

2

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§
1332(A)(1), 1441, AND 1446 (DIVERSITY)

50865921_1.docxD
efendant s Notice

28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

## IV.

## DIVERSITY JURISDICTION

This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and, therefore, this case is removable to this Court.

The United States Supreme Court has held that, under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id.* at 551, 553.

For removal purposes, citizenship of the named parties is measured both when the action is filed and removed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

**Plaintiff is a citizen of Utah.** For diversity purposes, a person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides

3    Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§
1332(A)(1), 1441, AND 1446 (DIVERSITY)

with the intention to remain or to which he or she intends to return. *Kanter*, 265 F.3d at 857. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court Complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise).

When Plaintiff completed his onboarding documents in January 2006, he confirmed that he lived in West Valley, Utah. (Williams Decl., ¶ 6). Additionally, for the entirety of Plaintiff's employment with Defendant, he represented to Defendant that he lived, resided, and was domiciled in the State of Utah. (Williams Decl.), ¶ 7.) Plaintiff's Complaint alleges that when he was not working, he commuted to Utah to be with his family. (Complaint ("Compl."), ¶ 16.) Accordingly, the preponderance of the evidence demonstrates that at the time the Complaint was filed and as of this removal, Plaintiff not only resided in Utah but was also domiciled there. Thus, Plaintiff is a citizen of the state of Utah. Accordingly, Plaintiff is a <u>citizen</u>, <u>resident</u>, and <u>domiciliary</u> of the State of Utah.

**Defendant is a citizen of North Carolina and Virginia.** For diversity purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing the statute). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the phrase principal place of business in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers

50865921_1.docxD efendant s Notice

direct, control and coordinate the corporation's activities, *i.e.*, its nerve center, which will typically be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 78.

Defendant is now, and, ever since this action commenced, has been, a Virginia corporation formed under the laws of the Commonwealth of Virginia, with its corporate headquarters in the state of North Carolina. (Williams Decl., ¶ 4.) Further, Defendant's principal place of business at the time of the filing of the Complaint was, and still is, as of the date of this Notice, located at its corporate headquarters in Thomasville, North Carolina. (Williams Decl., ¶ 5.)

For the purposes of federal diversity jurisdiction, Defendant is a <u>citizen</u> and <u>resident</u> of either the Commonwealth of Virginia or the state of North Carolina. Defendant is not a citizen of the state of California.

**The citizenship of "Doe" defendants must be disregarded.** The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, Plaintiff's inclusion in his Complaint of "DOES 1-50" (Compl., ¶ 3), cannot defeat diversity jurisdiction.

Based on the foregoing, complete diversity of the named parties exists, and existed at the time the Complaint was filed. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to United States Code, Title 28, sections 1332(a) and 1441(a). Thus, this timely Notice of Removal is based on complete diversity of the parties.

## V.

## THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after

5

Case No. _____

January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205.

Under the JVCA, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met"). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

The United States Supreme Court held that, "as specified in §1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

To meet this relatively low evidentiary burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

50865921_1.docxD
efendant_s Notice

judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can … be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

Here, Plaintiff seeks general damages, special damages, punitive damages, attorney fees, pre-and post-judgment interest on all damages awarded, and costs of suits incurred. (Compl., ¶¶ 44-46, 50, 51, 53, 56, 57, 59, 62, 63, 65, 68, 69, 71, 80, 82, 89, and Prayer for Relief ¶¶ c, d, e, f and g.) Defendant estimates the amount in controversy as follows:

### A.   **Plaintiff's Potential Back Pay Claims Are Estimated As $592,250.66.**

In his Complaint, Plaintiff alleges that he has suffered and continues to suffer special damages in an amount in excess of the minimum jurisdiction of this court, as a direct, foreseeable, and proximate result of Defendant's alleged actions. (Compl.,

7

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

¶¶ 44, 50, 56, 62, 68; Prayer ¶ c.)  The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

Plaintiff alleges that he was terminated on December 7, 2018.  (Compl., ¶ 32.)  Hence, Plaintiff puts at issue at least 40 months' worth of lost income to date.  Plaintiff's base salary at the time of his termination was $111,047.00 per year.  (Williams Decl., ¶ 8.)  As such, although Defendant denies Plaintiff is entitled to recover any such damages, if Plaintiff is able to recover back wages from his alleged last day worked to the present, the amount of that back pay for the 40 months following his termination, until today would amount to approximately **$370,156.66** ($111,047.00/12 months * 40 months).

Further, based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website (https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/12/31-1), the median time from filing to trial in a civil matter for the Central District of California is 24.2 months.  (Request for Judicial Notice, Ex. 1.)  If the case proceeds to trial in April 2024, which is 24 months from the date of removal, and Plaintiff remains unemployed, he would likely seek another 24 months of pay, which would be an additional **$222,094.00** ($111,047.00/12 months * 24 months).

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

Accordingly, a reasonable estimate of Plaintiff's claims for back pay is at least at least **$592,250.66** [$370,156.66 lost wages as of date of removal + $222,094.00 lost wages from date of removal to likely date of trial].

## B. It Is More Likely Than Not That Attorneys' Fees For Bringing A FEHA Claim to Trial Exceed $75,000.

Plaintiff seeks an award of attorneys' fees.  (Compl., ¶¶ 47, 53, 59, 65, 71, 82, Prayer at ¶ f.)  Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

The Court may consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction.  *See Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); *see also Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 06CV05356 (SI),

9

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

50865921_1.docxD
efendant s Notice

2008 WL 928368 (Feb. 27, 2008 N.D. Cal.) (awarding $75,000 in attorneys' fees in a single plaintiff case).

Thus, Defendant conservatively estimates that Plaintiff's attorneys' fees in this matter are likely to cause Plaintiff's alleged damages to far exceed the jurisdictional minimum of $75,000.

## C.     **Plaintiff's Potential Emotional Distress Damages Exceed $75,000.**

In his Complaint, Plaintiff alleges that he has suffered and continues to suffer general damages in an amount in excess of the minimum jurisdiction of this court, as a direct, foreseeable, and proximate result of Defendant's alleged actions.  (Compl., ¶¶ 44, 50, 56, 62, 68; Prayer ¶ c.)  While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination and wrongful termination cases commonly exceed $75,000:

- *Vaughn v. CNA Casualty of California*, No. 06CV00859(JVS), 2008 WL 4056256 (Feb. 28, 2008 C.D. Cal.) **($300,000 for non-economic damages** where plaintiff alleged his disability restrictions were not accommodated by employer);

- *Ismen v. Beverly Hospital*, No. BC366198, 2008 WL 4056258 (Aug. 13, 2008 L.A. County Sup. Ct.) **($113,100 for emotional distress** where plaintiff alleged disability discrimination when employer represented it could not accommodate restrictions);

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

50865921_1.docxD
efendant s Notice

- *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (Feb. 16, 2006 L.A. County Sup. Ct.) **($300,000 for non-economic damages** where plaintiff claimed employer failed to accommodate his physical disability);
- *Miller v. Lockheed Martin*, No. BC287797, 2005 WL 4126684 (October 7, 2005 Los Angeles County Sup. Ct.) **($300,000 for non-economic damages** where plaintiff alleged employer failed to engage in interactive process or accommodate permanent restrictions); and
- *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, No. RIC352666, 2003 WL 24304125 (October 16, 2003 Riverside County Sup. Ct.) **($300,000 for non-economic damages** where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation).

Plaintiff's allegations that Defendant failed to accommodate him and failed to engage in the interactive process are similar to both the factual and legal issues raised in the cases above. Given Plaintiff's allegations, when measured in light of the allegations and damages awarded in the cases cited above, Plaintiff's prayer for emotional distress damages demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

Accordingly, Plaintiff's prayer for emotional distress damages satisfies that the amount in controversy exceeds $75,000.

### D.     Plaintiff Claims He is Entitled to Punitive Damages.

Plaintiff's Complaint seeks punitive damages. (Compl., ¶¶ 45, 51, 57, 63, 69, 80, 89, Prayer ¶ d.) Although Defendant denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Bell vs. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Bank of*

Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

50865921_1.docxD
efendant s Notice

*Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that in determining the amount in controversy, courts must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees).

Punitive damages awards in employment discrimination cases generally exceed $75,000. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (affirming punitive damages award of $1,905,000); *see also Simmons*, 209 F. Supp. 2d at 1033 (acknowledging the potential for "large" punitive damages awards in employment discrimination cases); *Rodriguez v. Valley Vista Services, Inc.*, 2013 WL 2102714 (Feb. 15, 2013 Super. Ct. L.A. County) (awarding plaintiff $7,570,261 and $9,000,000 in punitive damages from defendants in disability discrimination and wrongful termination case where plaintiff's past economic loss was $66,023); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount in controversy requirement excludes only 'interests and costs.'").

The foregoing cases show that in employment discrimination cases, punitive damages, alone, are often sufficient to satisfy the amount in controversy requirement. It is more likely than not that Plaintiff's punitive damages claim has put at least $75,000 in controversy.

**E.    The Amount In Controversy Exceeds $75,000.**

When Plaintiff's potential emotional distress damages, attorneys' fees, and punitive damages are added to Plaintiff's alleged economic damages, it is further evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g,* 102 F.3d 398 (9th Cir. 1996).[1]  Based upon the allegations contained in

---

[1] By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on his claims or that, if he prevails, he is entitled to damages in any particular amount or at all.  Defendant reserves the full right to

12                          Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages far exceeding $75,000, which is within the jurisdictional authority of this Court.  Since diversity of citizenship exists between the Plaintiff and Defendant, and the matter in controversy between the parties is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## VI.

## **NO JOINDER REQUIRED**

Unnamed, or doe defendants are not required to join in removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (DOE defendants need not join in removal).

## VII.

## **VENUE**

In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The State Court Action was pending in the Superior Court of California for the County of San Bernardino, which is located within the Eastern Division of the Central District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(1) (describing the "Eastern Division" of the Central District of California as comprising, among others, the county of San Bernardino).

dispute Plaintiff's claims with respect to both liability and damages.

13                                    Case No. _____

DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A)(1), 1441, AND 1446 (DIVERSITY)

## VIII.

## NOTICE OF REMOVAL TO PLAINTIFF

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of San Bernardino.  Further, in accordance with Federal Rule of Civil Procedure 7.1 and Central District of California Local Rule 7.1-1, respectively, Defendant concurrently files its Disclosure Statement and Certification of Interested Parties.

## IX.

## PRAYER FOR REMOVAL

WHEREFORE, because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.  Accordingly, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino, to the United States District Court of the Central District of California, Eastern Division.

In the event this Court questions the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

Respectfully submitted,

DATED: April 4, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Minh P. Ngo
Betsy Johnson
Minh P. Ngo

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

14    Case No. _____

50865921_1.docxD
efendant s Notice